# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 25, 2016

## STATE OF TENNESSEE v. CHARLES TRAVIS MAPLES

### Appeal from the Criminal Court for Knox County
#### No. 101752     Steven W. Sword, Judge

---

### No. E2016-00589-CCA-R3-CD – Filed December 5, 2016

---

The defendant, Charles Travis Maples, appeals his Knox County Criminal Court jury convictions of three counts of the sale of cocaine in a drug-free school zone, arguing that the evidence was insufficient to support his convictions.  Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

J. Liddell Kirk (on appeal); Mitchell Harper (at sentencing and motion for new trial); and Russell T. Greene (at trial), Knoxville, Tennessee, for the appellant, Charles Travis Maples.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Knox County Grand Jury charged the defendant with four counts of the sale of 0.5 grams or more of cocaine in a drug-free school zone, four counts of the delivery of 0.5 grams or more of cocaine in a drug-free school zone, one count of possession of marijuana, one count of possession of drug paraphernalia, and one count of evading arrest.  Prior to trial, the State dismissed one count of the sale of 0.5 grams or more of cocaine in a drug-free school zone, one count of the delivery of 0.5 grams or more of cocaine in a drug-free school zone, and the counts charging possession of marijuana, possession of drug paraphernalia, and evading arrest.  The State also reduced the charge in count three to the sale of less than 0.5 grams of cocaine in a drug-free school zone and the charge in count four to the delivery of less than 0.5 grams of cocaine

in a drug-free school zone. The case thus proceeded to trial on two counts of the sale of 0.5 grams or more of cocaine in a drug-free school zone, two counts of the delivery of 0.5 grams or more of cocaine in a drug-free school zone, one count of the sale of less than 0.5 grams of cocaine in a drug-free school zone, and one count of the delivery of less than 0.5 grams of cocaine in a drug-free school zone.

At trial, Knoxville Police Department ("KPD") Officer Michael Geddings testified that the investigation in this case began when experienced confidential informant Frances Charlene Brady approached him and told him that she could purchase crack cocaine from a man she knew only as "Purple." Ms. Brady also provided Officer Geddings with a telephone number for Purple and the license tag number of a vehicle that Purple had been known to drive. Utilizing the license tag number, Officer Geddings learned that the defendant had been a passenger in the registered vehicle during a traffic stop. Officer Geddings placed the defendant's driver's license photograph into a photographic array, and Ms. Brady identified the defendant from the array as the man she knew as Purple.

On October 24, 2012, Officer Geddings had Ms. Brady place a recorded telephone call to the defendant for the purpose of arranging the purchase of $100 worth of cocaine. After the defendant agreed to sell the cocaine to Ms. Brady, Officer Geddings searched Ms. Brady's person, provided her with audio recording equipment and $100, and then drove her to an apartment in the Tillery Ridge Apartments on Merchants Drive. Ms. Brady telephoned the defendant to let him know she had arrived, and the porch light of a particular apartment flicked on and off several times. Ms. Brady went in through the front door of the apartment and came out the same way three or four minutes later. Ms. Brady identified for the jury her voice and the defendant's from the audio recording of the transaction. She came straight to the car and immediately turned over to Officer Geddings the recording equipment and a baggie that contained what Officer Geddings believed to be crack cocaine. Officer Geddings field tested and weighed the substance, which he then placed into an evidence bag to be sent to the Tennessee Bureau of Investigation ("TBI") for testing. Testing established that the substance was 0.62 grams of crack cocaine.

On November 1, 2012, Officer Geddings had Ms. Brady arrange another controlled purchase of crack cocaine from the defendant. After the defendant agreed to sell the drugs to Ms. Brady, Officer Geddings searched Ms. Brady's person, provided her with audio and video recording equipment as well as $100, and drove her to the same location in the Tillery Ridge Apartments. Ms. Brady again entered and exited through the front door. A video recording of the transaction that took place inside the apartment was played for the jury. Ms. Brady returned to the car and turned over to Officer Geddings what TBI testing established was 0.47 grams of crack cocaine.

On November 5, 2012, Officer Geddings again had Ms. Brady arrange to purchase crack cocaine from the defendant. Ms. Brady placed a controlled telephone call to the defendant, and after he agreed to make the sale, Officer Geddings searched Ms. Brady and provided her with audio and video recording equipment as well as $100 to purchase cocaine. Officer Geddings also searched Ms. Brady's vehicle, and the two traveled in that vehicle to the same apartment in the Tillery Ridge Apartments. Ms. Brady again entered and exited through the front door of the apartment. A video recording of the transaction that took place inside the apartment was played for the jury. When she returned to the vehicle, she turned over to Officer Geddings the recording equipment and what TBI testing established was 0.78 grams of crack cocaine.

Officer Geddings testified that the Tillery Ridge apartment where the transactions took place was "almost directly across the street" from Norwood Elementary School. Knoxville-Knox County KUB Geographic Information Systems employee Donna Roach testified that the location of each transaction was within 1,000 feet of Norwood Elementary School. She created a map of the location that indicated a 1,000 foot buffer zone around the school.

At the conclusion of this proof, the State rested. Following a *Momon* colloquy, the defendant elected not to testify and chose not to present any proof. Based upon the evidence presented, the jury convicted the defendant as charged of two counts of the sale of 0.5 grams or more of cocaine in a drug-free school zone, two counts of the delivery of 0.5 grams or more of cocaine in a drug-free school zone, one count of the sale of less than 0.5 grams of cocaine in a drug-free school zone, and one count of the delivery of less than 0.5 grams of cocaine in a drug-free school zone. The trial court merged the convictions of the delivery of cocaine into the corresponding charges of the sale of cocaine. Following a sentencing hearing, the trial court imposed sentences of 25 years for each conviction of the sale of 0.5 grams or more of cocaine in a drug-free school zone and ordered that the defendant serve 15 years of the sentence at 100 percent release eligibility and the remainder at 30 percent release eligibility. The trial court imposed a sentence of 12 years for the conviction of the sale of less than 0.5 grams of cocaine in a drug-free school zone and ordered that the defendant serve eight years of the sentence at 100 percent release eligibility and the remainder at 30 percent release eligibility. The court ordered all of the sentences to be served concurrently to one another, for a total effective sentence of 25 years.

The defendant filed a timely but unsuccessful motion for new trial followed by a timely notice of appeal. In this appeal, the defendant challenges the sufficiency of the convicting evidence, arguing that he was guilty of no more than simple possession or casual exchange.

We review the defendant's claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

"It is an offense for a defendant to knowingly . . . (2) [d]eliver a controlled substance . . . [or s]ell a controlled substance." T.C.A. § 39-17-417(a). A violation of this section with respect to 0.5 grams or more of cocaine, a Schedule II controlled substance, *see id.* § 39-17-408(b)(4), is a Class B felony, *see id.* § 39-17-417(c)(1), unless it "occurs . . . within one thousand feet (1,000') of the real property that comprises a public . . . elementary school," when it "shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation," *see id.* § 39-17-432(b). A violation of this section with respect to less than 0.5 grams of cocaine within 1,000 feet of a public elementary school is a Class B felony. *See id.* § 39-17- 417(c)(2)(a); -432(b).

The evidence adduced at trial established that at the behest of Officer Geddings, Ms. Brady arranged to purchase cocaine from the defendant on three separate occasions. On each occasion, Officer Geddings searched Ms. Brady, provided her with recording equipment and money with which to make the purchases, and then accompanied her to an apartment in the Tillery Ridge Apartments on Merchants Drive. During the October 24, 2012 transaction, Ms. Brady purchased 0.62 grams of crack cocaine from the defendant in exchange for $100. An audio recording of this transaction was played for the jury. During the November 1, 2012 transaction, Ms. Brady purchased 0.47 grams of crack cocaine from the defendant in exchange for $100. A video recording of this transaction was played for the jury. During the November 5, 2012 transaction, Ms. Brady purchased 0.78 grams of crack cocaine in exchange for $100. A video recording of this transaction was played for the jury. The defendant argued during his

closing argument, as he does on appeal, that he was guilty of no more than simple possession or casual exchange. The jury, as was its prerogative, rejected the defendant's theory and convicted him as charged. In our view, the evidence presented at trial was more than sufficient to support the defendant's convictions of the sale of cocaine in a drug-free school zone.

Accordingly, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE